IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PROTHRO,<br><br>      **Plaintiff,**<br><br> vs.<br><br>PLATTE VALLEY MEDICAL GROUP, and KEARNEY REGIONAL MEDICAL CENTER,<br><br>      **Defendants.** | 8:23CV132<br><br>ORDER |

  This matter is before the Court on Plaintiff's motion (Filing No. 5) requesting an extension of time to complete service of process. Plaintiff states he

> received [a]n order on [or] about April 15, 2023, which informed them to hire an attorney and file a complaint with the United States District Court of Nebraska. The second notification from the District Court was filed on July 20, 2023. This document was an order to show cause why this case should not be dismissed for failure to serve the defendants. . . . The plaintiff never received any other documents between the two orders.

It is unclear what April 15, 2023, Order Plaintiff is referring to, although the Court notes it filed its General Order 2022-04 regarding the management and assignment of pro se cases on April 5, 2023. (Filing No. 3). That order states a case is not included on the pro se docket if, at the time of case opening, the plaintiff is a non-prisoner, pays the filing fee in full, and the clerk's office provides summons forms to the plaintiff. Those are the circumstances of this case. The clerk mailed two blank summons forms to Plaintiff on April 5, 2023, so he could accomplish service of process on the two named defendants. (Filing No. 2). Plaintiff did not complete the blank summons forms and did not serve the defendants. See *Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating, even in cases where the plaintiff is proceeding in forma pauperis, "a plaintiff bears the burden of providing proper service information"); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "pro se status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Because Plaintiff did not serve process upon the defendants within 90-days of filing his Complaint, the Court entered an Order requiring Plaintiff to show cause why the case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

Nevertheless, because Plaintiff is a non-lawyer proceeding pro se and was operating under a misunderstanding, the Court will provide him with an extension of time to complete service upon the defendants. The clerk has returned the blank summons forms to Plaintiff. (Filing No. 6). As explained by the clerk, Plaintiff must complete the blank summons forms for service upon the defendants. Plaintiff may wish to consult this Court's resources for parties proceeding without an attorney, available at <https://www.ned.uscourts.gov/public/proceeding-without-an-attorney>. Accordingly,

**IT IS ORDERED:** Plaintiff's motion (Filing No. 5) requesting an extension of time to complete service of process is granted. Plaintiff shall have an extension of time to **September 22, 2023,** to complete service of process upon the defendants. The failure to timely comply with this order may result in dismissal of this action without further notice. See Fed. R. Civ. P. 4(m).

Dated this 14th day of August, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge