IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DAVID PROTHRO,** | |
| **Plaintiff,** | **8:23CV132** |
| vs. | **FINDINGS AND RECOMMENDATION** |
| **PLATTE VALLEY MEDICAL GROUP, and KEARNEY REGIONAL MEDICAL CENTER,** | |
| **Defendants.** | |

  This matter is before the Court after review of the docket.

  Plaintiff filed the Complaint against the above-captioned defendants on April 5, 2023. (Filing No. 1). The clerk mailed two blank summons forms to Plaintiff on April 5, 2023, so he could accomplish service of process on the two named defendants. (Filing No. 2). Because there was no evidence demonstrating Plaintiff served process upon the defendants within 90-days of filing his Complaint, , the Court entered an Order requiring Plaintiff to show cause why the case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. (Filing No. 4). The Court reminded Plaintiff that, although he is proceeding pro se, "he must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure." (Filing No. 4) (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]")).

  In response to that Order, on August 11, 2023, Plaintiff filed a motion requesting an extension of time to complete service of process, indicating he "never received any documents" between the Court's General Order 2022-04 regarding the management and assignment of pro se cases on April 5, 2023, (Filing No. 3), and the Court's July 20, 2023, Order to show cause. (Filing No. 5). On August 14, 2023, the Court granted Plaintiff's motion and provided him with an extension of time to September 22, 2023, to complete service of process because Plaintiff "is a non-lawyer proceeding pro se and was operating under a misunderstanding[.]" (Filing No. 7). In that Order, the Court noted that "The clerk has returned the blank summons forms to Plaintiff.

(Filing No. 6)" and reiterated the Clerk's instructions that "Plaintiff must complete the blank summons forms for service upon the defendants." The Court directed Plaintiff to this Court's resources for parties proceeding without an attorney, available at <https://www.ned.uscourts.gov/public/proceeding-without-an-attorney>, and warned Plaintiff that failure to timely comply with the Court's Order "may result in dismissal of this action without further notice." (Filing No. 7).

On September 22, 2023, Plaintiff filed a second motion requesting an extension of time to complete service of process because he "was under the misunderstanding of [sic] that the [summons] forms were complete" and by "the time Plaintiff was aware of the situation, it was too late for timely service of documents." (Filing No. 8). Although the Court's August 14, 2023, Order had specifically stated it was providing Plaintiff with "blank summons forms" and informed "Plaintiff [he] must complete the blank summons forms for service upon the defendants," (Filing No. 7 at p. 2), on September 22, 2023, the Court nevertheless stated it would provide "Plaintiff with one more opportunity to accomplish service of process upon the defendants." (Filing No. 10). The Court again stated, "Plaintiff may wish to consult this Court's resources for parties proceeding without an attorney, available at <https://www.ned.uscourts.gov/public/proceeding-without-an-attorney>, or otherwise obtain counsel to represent him in this action" and provided Plaintiff with an extension of time to October 27, 2023, to complete service of process upon the defendants. The Court also again warned Plaintiff, "The failure to timely comply with this order may result in dismissal of this action without further notice." (Filing No. 10).

As of today's date, the record still contains no evidence that the defendants have been served and received notice of this lawsuit, nor have the defendants entered a voluntary appearance. Plaintiff has filed nothing further with the Court after his September 22, 2023, motion for an extension of time. Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court has provided Plaintiff with two extensions of time to complete service of process; directed him to this district's resources for proceeding without an attorney and suggested he obtain counsel; reminded him that his pro se status does not excuse him from compliance with local rules and the Federal

Rules of Civil Procedure; and repeatedly warned him that failure to accomplish service would result in dismissal of this action. Although Plaintiff is pro se, he was still responsible for having the summons and complaint served within the time allowed by Rule 4(m), and failed to do so. It has now been over six months since Plaintiff filed his Complaint, and there is no evidence the defendants have been served with process. Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable Brian C. Buescher, United States District Court Judge, that the above-captioned case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendants.

Dated this 31st day of October, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.