IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PROTHRO,<br><br>      Plaintiff,<br><br>vs.<br><br>PLATTE VALLEY MEDICAL GROUP, and KEARNEY REGIONAL MEDICAL CENTER,<br><br>      Defendants. | 8:23CV132<br><br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE** |

  This case is before the Court on United States Magistrate Judge Michael D. Nelson's Findings and Recommendation that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendants. Filing 11 at 3. The deadline for any objections expired on November 14, 2023, without any response from Plaintiff.

  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), a district court must review de novo the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections ...."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a de novo review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition

1

that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review the Findings and Recommendation at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

> Judge Nelson's Findings and Recommendation states,
>
> The Court has provided Plaintiff with two extensions of time to complete service of process; directed him to this district's resources for proceeding without an attorney and suggested he obtain counsel; reminded him that his pro se status does not excuse him from compliance with local rules and the Federal Rules of Civil Procedure; and repeatedly warned him that failure to accomplish service would result in dismissal of this action. Although Plaintiff is pro se, he was still responsible for having the summons and complaint served within the time allowed by Rule 4(m), and failed to do so. It has now been over six months since Plaintiff filed his Complaint, and there is no evidence the defendants have been served with process.

Filing 11 at 2–3. Accordingly, Judge Nelson recommends dismissal of this case without prejudice. Filing 11 at 3. The Court has reviewed the record and finds no error—clear or otherwise—in Judge Nelson's Finding and Recommendations. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). The Court also concurs in Judge Nelson's conclusion that dismissal of this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) is appropriate under the circumstances. Accordingly,

IT IS ORDERED that,

1. The Court accepts Judge Nelson's Findings and Recommendation, Filing 11, in their entirety pursuant to 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72(b)(3); and

2. This case is dismissed without prejudice for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 20th of November, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge